IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DREW M. MOIR,                           )
                                        )
    Plaintiff,               )
                                        )
v.                                      )          Case No.   17-cv-66-RJD
                                        )
TIMOTHY J. AMDAHL,                      )
                                        )
    Defendant.               )

**ORDER**

**DALY, Magistrate Judge:**

    This matter is before the Court *sua sponte* for case management purposes.   Plaintiff Drew M. Moir filed this action on January 23, 2017 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Robinson Correctional Center. Plaintiff is proceeding on the following claims:

Count One:    First Amendment claim against Defendant Amdahl for preventing Plaintiff from attending Jumah services on two occasions (December 18, 2015 and January 22, 2016).

Count Two:    Fourteenth Amendment discrimination/equal protection claim against Defendant Amdahl for targeting Plaintiff for harassment and intimidation because of his race and religion.

Count Three:    First Amendment retaliation claim against Defendant Amdahl for filing an unsubstantiated disciplinary charge against Plaintiff and for harassing him, after Plaintiff complained and filed grievances against Amdahl for denying him access to religious services.

    On June 25, 2018, Plaintiff filed a notice of change of address explaining he was incarcerated in the State of Iowa (Doc. 35).  Plaintiff provided an Iowa address to the Court. Since filing his notice of change of address, Plaintiff has filed one document, a motion for recruitment of counsel, on November 26, 2018 (*see* Doc. 38).  On January 9, 2020, the Court

ordered Plaintiff to show cause and indicate whether he remained in the custody of the Iowa Department of Corrections and, if not, provide the Court with his current address (Doc. 48). Plaintiff was directed to file his show cause response by January 23, 2020, and was warned that his failure to abide by the Order may result in the imposition of sanctions, including dismissal of this lawsuit. There has been no indication that the Court's Order was undeliverable. As of the date of this Order, no response has been received by Plaintiff.

## Discussion

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp &*

*Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Dismissal in this case is warranted under Rule 41(b). Plaintiff has failed to respond to the Court's Show Cause Order, despite being warned that his failure to do so may result in the imposition of sanctions, including dismissal of this lawsuit. There is also no indication that the Court's Order was undeliverable. A review of the docket demonstrates Plaintiff has not filed anything in this case since November 2018. While the Court notes there may be lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this case. The Court is not inclined to expend significant resources, and require Defendant to do the same, to set this matter for trial while Plaintiff is incarcerated in Iowa if Plaintiff is not demonstrating diligence in pursuing this case. For these reasons, this matter is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**DATED: February 3, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**